# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Leo Hollis | : | CIVIL ACTION |
| v. | : | |
| The City of PHiladelphia, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 3/8/23 | L. Kenneth Chotiner | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215 546 1345 | 215 383 0370 | KChotiner@adlawfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02



# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Leo Hollis

**DEFENDANTS**
The City of Philadelphia

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
L. Kenneth Chotiner, LL.M.
1315 Walnut St., Suite 500, Phila. PA 19107

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Sec. 1983
Brief description of cause:
Due Process 14th Amendment Excessive Force

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: March 9, 2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ____251 W. Hansberry St., Philadelphia, PA 19144____

Address of Defendant: ____1515 Arch Street, 14th FL. Philadelphia, PA 19102____

Place of Accident, Incident or Transaction: ____Philadelphia____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __3/8/23__   _[signature]_ Must sign here    077451
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __L. Kenneth Chotiner__, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __3/8/23__   _[signature]_ Sign here if applicable    077451
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**Abramson & Denenberg, P.C.**
**By: L. Kenneth Chotiner, LL.M.**
**Identification No: 77541**
**1315 Walnut Street, Suite 500**
**Philadelphia, PA 19107**
**(215) 546-1345**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Leo Hollis<br>251 W. Hansberry Street<br>Philadelphia, PA 19144<br><br>                                        Plaintiff<br><br>      Vs.<br><br>The City of Philadelphia<br>c/o City of Philadelphia Law Department<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br><br>      and<br><br>Commissioner Blanche Carney<br>Philadelphia Department of Prisons<br>7901 State Road<br>Philadelphia, PA 19136<br><br>      and<br><br>Former Warden Nancy Gianetto<br>7901 State Road<br>Philadelphia, PA 19136<br><br>      and<br><br>Correctional Officer Robinson<br>7901 State Road<br>Philadelphia, PA 19136<br><br>      and<br><br>Correctional Officer J. Grundy<br>7901 State Road<br>Philadelphia, PA 19136<br><br>      and | CIVIL ACTION<br><br><br><br>JURY TRIAL DEMANDED<br><br><br><br>No.: 23-CV- |

Correctional Officer O. Ford
7901 State Road
Philadelphia, PA 19136

and

Correctional Officers John Doe 1 – 10
7901 State Road
Philadelphia, PA 19136

Defendants

## CIVIL ACTION COMPLAINT

### I. INTRODUCTION

1. Plaintiff brings the action for damages pursuant to 42 U.S.C. § 1983, the Fourth Amendment of the United States Constitution, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution, as well as the statutory and common laws of the Commonwealth of Pennsylvania, as the result of being assaulted by Philadelphia Department of Corrections Prison Guards while he was incarcerated at Curren-Fromhold Correctional Facility.

### II. JURISDICTION AND VENUE

2. The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. §§1331 and 1343 and jurisdiction over the State Law Claims pursuant to 28 U.S.C. § 1367 and the principles of pendant and ancillary jurisdiction.

3. Venue is proper under 28 U.S.C. §1391(b) because the cause of action upon which the complaint is based arose in Delaware County, Pennsylvania, which is in the Eastern District of Pennsylvania.

### III. PARTIES

4. Plaintiff, Leo Hollis, is an adult citizen of the Commonwealth of Pennsylvania, residing as captioned.

5. Defendant City of Philadelphia (the City") is a political subdivision organized and existing under the laws of the Commonwealth of Pennsylvania. The City of Philadelphia funds, controls, and operates the Philadelphia Department of Prisons ("PDP") and the Curren-Fromhold Correctional Facility ("CFCF") and all the persons who worked there including all Correctional Officers and Supervisors.

6. At all relevant times, Defendant, the City, was charged with detaining, supervising, and caring for inmates housed at the CFC, including pretrial detainees such as Plaintiff.

7. At all relevant times, Defendant, the City, acted or failed to act by and through their agents, servants, and/or employees, then and there who were acting within the course and scope of their agency, servanthood, and/or employment, including, but not limited to, the named individual defendants.

8. At all relevant times, Defendant, the City, was responsible for testing, hiring, training, supervising, and disciplining individuals staffing CFCF, including, but not limited to, the named individual defendants.

9. Defendant Blanche Carney is the Commissioner of PDP, is a policymaker for defendant, the City, and she is being sued in her individual and official capacity.

10. Defendant Nancy Gianetto was at all times relevant hereto the Warden of CFCF, and was a policymaker for defendant, the City, and she is sued in her individual and official capacity.

11. Defendants, the City, Carney, and, Gianetto, have at all relevant times acted under color of state law.

12. At all relevant times, Defendants, Carney, and Gianetto, were responsible for testing, hiring, training, supervising, and disciplining individuals staffing CFCF, including, but not limited to, the named individual defendants.

13. Defendants, Sergeant A. Ryans, was at all times relevant hereto a Sergeant in the PDP, and was a policymaker for defendant, the City, and he is sued in her individual and official capacity.

14. Defendants, Sergeant A. Ryans, Correctional Officers Robinson, Grundy, Ford, and John Doe 1 – 10, are adult individuals and residents of the Commonwealth of Pennsylvania, who, at all relevant times, were employed by Defendant, the City, as Correctional Officers.

15. Defendants, Sergeant A. Ryans, and Correctional Officers Robinson, Grundy, Ford, and Correctional Officers, John Doe 1 – 10, were, at all relevant times, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Defendants, the City and Carney.

## IV. OPERATIVE FACTS

16. On Thursday March 9, 2021, Plaintiff was arrested and transferred to CFCF late at night on March 10, 2021.

17. On March 11, 2021, at approximately 1:40 a.m., Plaintiff was in the holding cell of intake room waiting to be processed.

18. While in the intake room, Defendants, Sergeant Ryans ("Sgt. Ryans"), Correctional Officer Ford ("C.O. Ford"), Correctional Officer Robinson ("C.O. Robinson"), Correctional Officer, Grundy ("C.O. Grundy"), Correctional Officer John Doe, No. 1, ("C.O. 1"), Correctional Officer John Doe, No. 2 ("C.O. 2."), began physically assaulting Plaintiff by punching him in the face and head, slamming him to the ground, where said defendants

continued their assault hitting and kicking Plaintiff in the face and, thereafter, placed him in a chokehold until he lost consciousness.

19. During the relevant time, Plaintiff did not engage in any conduct that warranted the use of any force.

20. As a result of the unwarranted and excessive use of force by Defendants, Sgt. Ryans, C.O. Ford, C.O. Robinson, C.O. Grundy, C.O. 1, and, C.O. 2., Plaintiff suffered emotional pain and physical injuries including, but not limited to:

1. Mildly displaced anterosuperior nasal bone fractures;
2. Small chip fracture off the nasal spine of the maxilla;
3. Closed fracture of the nasal bone;
4. Subconjunctival hemorrhage;
5. Closed fracture of maxilla;
6. Radiculopathy, cervical region;
7. Strain of muscle, fascia and tendon neck level;
8. Segmental and somatic dysfunction of pelvic region;
9. Pain of right shoulder;
10. Strain of muscle, fascia, and tendon lower back

### Count I – 42 U.S.C. § 1983
### Substantive Due Process—Excessive Force on Pretrial Detainee
### Leo Hollis V. Sergant A. Ryans, C.O. Robinson, C.O. Grundy,
### C.O. Ford, and C.O. John Does 1-10

21. All preceding paragraphs are fully incorporated herein by reference.

22. The use of force against Plaintiff during his time being house at CFCF was unreasonable given the circumstances.

23. At all relevant times, Plaintiff was behaving in a peaceable and cooperative manner.

24. Without reason, Defendants, attacked Plaintiff, causing him to sustain injury.

25. All of these actions and failures to act violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the

laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

26. The above-described acts and failures to act of Defendants, Sgt. Ryans, C.O. Ford, C.O. Robinson, C.O. Grundy, C.O. 1, and, C.O. 2., and/or John Doe 1 – 10, were so malicious, intentional, and reckless and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against Defendants, Sergent A. Ryans, and C.O.s Robinson, Grundy, Ford, and John Does 1-10 jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff and punish and deter the defendants and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

### Count II – 42 U.S.C. § 1983
### Failure to Intervene
27. **Leo Hollis V.  Sergant A. Ryans, C.O. Robinson, C.O. Grundy,**
28. **C.O. Ford, and C.O. John Does 1-10**

29. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

30. Defendants, Defendants, Sgt. Ryans, C.O. Ford, C.O. Robinson, C.O. Grundy, C.O. 1, and, C.O. 2., and/or John Doe 1 – 10,  had a constitutional and/or statutory duty to intervene when Plaintiff was unlawfully assaulted and battered and/or subjected to cruel and unusual punishment.

31. Defendants, Defendants, Sgt. Ryans, C.O. Ford, C.O. Robinson, C.O. Grundy, C.O. 1, and, C.O. 2., and/or John Doe 1 – 10, knew that Plaintiff's rights were being violated and despite said knowledge failed to intervene and stop the violation.

32. Defendants, Defendants, Sgt. Ryans, C.O. Ford, C.O. Robinson, C.O. Grundy, C.O. 1, and, C.O. 2., and/or John Doe 1 – 10, had a reasonable opportunity to intervene to prevent and/or limit the unlawful attack on Plaintiff but remained deliberately indifferent and failed to do so.

33. As a direct and proximate result of the above malicious, intentional, and/or reckless acts and failures to act of Defendants, Defendants, Sgt. Ryans, C.O. Ford, C.O. Robinson, C.O. Grundy, C.O. 1, and, C.O. 2., and/or John Doe 1 – 10, Plaintiff suffered the injuries described above.

34. The above-described acts and failures to act of Defendants, Defendants, Sgt. Ryans, C.O. Ford, C.O. Robinson, C.O. Grundy, C.O. 1, and, C.O. 2., and/or John Doe 1 – 10, in their individual capacities, were so malicious, intentional, and reckless and displayed such reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against Defendants Defendants, Sgt. Ryans, C.O. Ford, C.O. Robinson, C.O. Grundy, C.O. 1, and, C.O. 2., and/or John Doe 1 – 10,, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff and deter the defendants and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

### Count III – 42 U.S.C. § 1983
### *Monell* Claim
### Leo Hollis v. the City, Commissioner Blanche, Warden Gianetto and Sergent A. Ryans

35. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

36. Plaintiff believes and therefore avers that, at all relevant times, Defendants, the City, Commissioner Blanche, Warden Gianetto, and/or Sgt. Ryans, had for many years adopted and maintained a policy, custom, and/or practice of condoning and/or acquiescing to the violation of the constitutional rights of citizens, including, but not limited to, permitting the unlawful use of excessive force of pretrial detainees by guards and remaining deliberately indifferent to the safety of pretrial detainees, which policy, custom, and/or practice violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

37. Plaintiff believes and therefore avers that Defendants, the City, Commissioner Blanche, Warden Gianetto, and/or Sgt. Ryans, had at all relevant times adopted and maintained a recognized and accepted policy, custom, and/or practice of systematically failing to adequately test, hire, train, supervise, and discipline prison staff, including but not limited to the individually named defendants, regarding appropriate procedures of handcuffing inmates, which policy, custom, and/or practice violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

38. Defendants, the City, Commissioner Blanche, Warden Gianetto, and/or Sgt. Ryans, have been deliberately indifferent to the rights of citizens to Be free from excessive force, which deliberate indifference violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

39. Plaintiff believes and therefore avers that Defendants, Defendants, the City, Commissioner Blanche, Warden Gianetto, and/or Sgt. Ryans, have knowingly adopted and

maintained for many years recognized and accepted customs, policies, and/or practices within CFCF that permits officers to use excessive force, including, but not limited to choke holds, and cause injury to inmates such as Plaintiff and that ultimately resulted in Plaintiff's above-described injuries, including but not limited to:

   a. Failing to have and/or enforce adequate training on properly handling inmates without injuring them;
   b. Failing to have and/or enforce policies and procedures on how to properly handle inmates without injuring them;
   c. Failing to have and/or enforce appropriate and immediately effective handling procedures, policies, and training;
   d. Failing to have and/or enforce adequate testing, hiring, training, supervision, and discipline to ensure CFCF staff act to properly interact with Plaintiff.

40. Defendants, Defendants, the City, Commissioner Blanche, Warden Gianetto, and/or Sgt. Ryans, have been aware of the aforementioned customs, policies, and/or practices for a substantial period of time and, despite said knowledge, were deliberately indifferent of the constitutional rights of citizens by failing to:

   a. Take steps to terminate them;

   b. Disciplined or otherwise properly supervise the defendant correctional officers who engaged in them;

   c. Sanctioned them instead of effectively training the defendant correctional officers with regard to the proper constitutional and statutory limits to the exercise of their authority.

41. Defendants, Defendants, the City, Commissioner Blanche, Warden Gianetto, and/or Sgt. Ryans, effectively condoned, acquiesced to, participated in, and perpetrated the aforementioned customs, policies, and/or practices, in violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C.

§ 1983, by failing to take action to stop or limit to the aforementioned customs, policies, and/or practices, and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the same.

42. As a direct and proximate result of the malicious, intentional, and reckless actions and failures to act of Defendants, CFCF, Plaintiff suffered the injuries described above.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory damages against Defendants, CFCF, in an amount sufficient to fully and adequately compensate Plaintiff, plus interest, costs, attorney's fees, and all other appropriate relief.

### Count V – 42 U.S.C. § 1983
### Conspiracy
### Leo Hollis V. Sergant A. Ryans and C.O.s Robinson, Grundy, Ford, and John Does 1-10

43. All preceding paragraphs are fully incorporated herein by reference.

44. As demonstrated by their continuous and concerted conduct, Defendants Sergeant A. Ryans, and C.O.s Robinson, Grundy, Ford, and John Doe 1 – 10, entered into an agreement and/or reached a meeting of the minds to violate Plaintiff's constitutional rights in the ways described above.

45. The above-described acts and failures to act of Defendants Sergeant A. Ryans, and C.O.s Robinson, Grundy, Ford, and John Doe 1 – 10,, in their individual capacities, were so malicious, intentional, and reckless and displayed such reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

WHEREFORE, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against Defendants Sergeant A. Ryans, and C.O.s Robinson, Grundy, Ford, and John Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff and deter the defendants and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

Count VI – Pennsylvania Common Law
Assault and Battery
Leo Hollis V. Sergant A. Ryans and C.O.s Robinson, Grundy, Ford, and John Does 1-10

46. All preceding paragraphs are fully incorporated herein by reference.

47. The above-described actions of Defendants, Sergeant A. Ryans, and C.O.s Robinson, Grundy, Ford, and John Doe 1 – 10, constituted an unnecessary and excessive use of force to carry out Defendant's law enforcement and/or correctional duties.

48. The above-described actions of Defendants, Sergeant A. Ryans, and C.O. Robinson, Grundy, Ford, and John Doe 1 – 10, put Plaintiff in reasonable fear of imminent bodily harm and resulted in Plaintiff being unlawfully and improperly touched, assaulted, battered, and abused against his will.

49. The above-described actions were so malicious, intentional, gross, wanton, and reckless and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to Pennsylvania common law, Plaintiff demands compensatory and punitive damages Defendants, Sergeant A. Ryans, and C.O.s Robinson, Grundy, Ford, and John Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff and punish and deter the defendant and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

ABRAMSON & DENNENBERG

BY: _____

L. Kenneth Chotiner, LL.M.
Attorney I.D. No. 77451
Attorney for Plaintiff